**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SERGO KHUNDIASHVILI,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1763-SLP** |
| | ) | |
| **WARDEN, Diamondback Correctional Facility, et al.,** | ) | |
| | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Sergo Khundiashvili, a noncitizen[1] and Georgian national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States Chief District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 5. The undersigned set an expedited briefing schedule, Doc. 6, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court deny the Petition. Doc. 1.

## I. Background

Petitioner, a citizen of Georgia, entered the United States in or around 2015. Pet. at 2. On October 30, 2015, he filed an Application for Asylum and Withholding of Removal.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

*Id*. He alleges he has "significant, longstanding ties to the community" in Brooklyn, New York. *Id*. at 3. Petitioner had an interview with an asylum officer on August 14, 2024, where the officer did not grant asylum and instead referred his case to the Immigration Court for removal proceedings. *Id*. at 2. Petitioner alleges his removal proceedings have a "docket date" of October 4, 2024. *Id*. The record is not clear, but Petitioner was presumably issued a Notice to Appear initiating removal proceedings and charging him with being inadmissible on that date.

On July 7, 2026, ICE took custody of Petitioner after he was stopped near Mount Pleasant, Texas, for a routine commercial vehicle inspection for the truck and trailer he was driving. *Id*. Respondents acknowledge Petitioner is detained pursuant to 8 U.S.C. § 1226. Resp. at 1.

On August 5, 2026, Petitioner received a bond hearing before an Immigration Judge ("IJ"). Reply at 1-3; Doc. 11-1 at 3-5 (IJ Order denying bond from August 5, 2026). At the bond hearing, the IJ denied bond after finding Petitioner failed to establish that he was not a flight risk. Doc. 11-1 at 4.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Aug. 31, 2026).

## II. <u>Petitioner's Claims</u>

Petitioner asserts three counts in his Petition.

- **Count I: Violation of Due Process.** Petitioner alleges his detention without an individualized bond hearing violates his rights to due process under the Fifth Amendment. Pet. at 4.

- **Count II: Violation of the Immigration and Nationality Act ("INA")**. Petitioner alleges ICE is illegally treating his detention as mandatory under the INA, but 8 U.S.C. § 1226 should govern his current detention and entitle him to a bond hearing. Pet. at 4-5. He also argues his detention is not related to any legitimate government purpose. *Id*. at 5.

- **Count III: Denial of Medical Care and Unlawful Conditions of Confinement.** Petitioner alleges an interruption in his diabetes medication in Texas, the "risk of inadequate management" of his diabetes while in ICE custody, and "the risk of irreversible harm to [his] home and finances" "support[] both expedited consideration and the request for release." *Id*. at 5.

Petitioner asks the Court to order immediate release, or in the alternative, a prompt bond hearing where the government has the burden to justify continued detention. *Id*. at 5-6. He also requests the Court order Respondents to provide uninterrupted diabetes medical care and money damages for his "irreparable financial harm." *Id*. at 5-6.

In his Reply, after noting his recent bond hearing before an IJ on August 5, 2026, Petitioner asks the Court to declare that bond hearing did not satisfy due process and to order his immediate release. Reply at 4-5.[2]

---

[2] The Court would generally not consider evidence and arguments raised for the first time in a Reply, though it has the discretion to do so. *See Herron v. Progressive Car Fin., LLC*, No. CIV-22-638-SLP, 2023 WL 11762874, at *3 (W.D. Okla. Oct. 13, 2023) (recognizing the "general rule" "that a party waives issues and arguments raised [in its reply brief] for the first time") (quoting *SCO Grp., Inc. v. Novell, Inc.*, 578 F.3d 1201, 1226 (10th Cir. 2009)). However, Petitioner's bond hearing *after* the parties' earlier briefing is highly relevant and materially informs the undersigned's analysis of the Petition. The Court should exercise its discretion to consider, in the interests of judicial efficiency, the new information and arguments related to the bond hearing. The undersigned does not find a sur-reply from Respondents to be necessary.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. It is undisputed Section 1226(a) applies to Petitioner's detention.

The two sections of the INA that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1226(a) generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). Petitioner alleges he is detained under § 1226(a) and entitled to a bond hearing. Pet. at 4-6. Respondents acknowledge he is detained under § 1226(a) and entitled to a bond hearing. Resp. at 1-2.

The Tenth Circuit recently confirmed § 1226(a) applies to govern detention of noncitizens like Petitioner. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026). In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of

the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Respondents' acknowledgment that § 1226(a) applies, Tenth Circuit precedent, and this Court's prior holding in *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *3-7 (W.D. Okla. Jan. 21, 2026), the Court should apply § 1226(a) to govern Petitioner's current detention.

**B. The most Petitioner is entitled to is a bond hearing, but such a hearing already occurred.**

Petitioner seeks immediate release or, alternatively, a prompt bond hearing where the government bears the burden to justify continued detention. Pet. at 5-6. Consistent with this Court's recent approach, the undersigned would typically recommend Petitioner be afforded a constitutionally sufficient, individualized bond hearing pursuant to § 1226(a).[3] *See Kumar v. Mullin*, No. CIV-26-689-SLP, 2026 WL 1960943, at *2 (W.D. Okla. July 7, 2026) (concluding because § 1226(a) governs petitioner's detention, "he is entitled to an individualized bond hearing"). As Judge Russell in this District has

[3] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (same); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

explained, "Petitioner is entitled to the custody procedures provided by [§ 1226(a)]," and "the statute provides the Department of Homeland Security the discretion to either detain a noncitizen or release the noncitizen on bond." *Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) (citation modified). As such, "an individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute." *Id.* (citation modified). Further, Judges in this District, including this Court, have consistently declined to order burden shifting. *See, e.g., Guzman Morales v. Mullin*, No. CIV-26-587-SLP, 2026 WL 1962374, at *2 (W.D. Okla. July 7, 2026) (declining to address petitioner's burden-shifting claim).

However, Petitioner has recently received a bond hearing, and this Court cannot review the discretionary determination of the IJ. The determination of bond under § 1226(a) is within the purview of the IJ, who considers whether a noncitizen is a flight risk or a danger to the community. 8 C.F.R. § 236.1(c). Further, § 1226(e) "strips federal courts of jurisdiction to hear challenges to an IJ's discretionary decision to keep a noncitizen in detention." *Nucamendiz v. Hyde*, No. 25-CV-13851, 2026 WL 221449, at *1 (D. Mass. Jan. 28, 2026) (citation modified); *see also Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012) (citing § 1226(e) and noting "the Attorney General's exercise of discretion is not subject to judicial review"). "Thus, a district court has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond." *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026); *see also Perez v. Holt,* No. CIV-25-1151-SLP, 2026 WL 597126, at *6 (W.D. Okla. Mar. 3, 2026) ("Thus, the Court finds that the IJ relied on evidence in the record to

make a discretionary decision to deny Petitioner bond; therefore, this Court lacks subject matter jurisdiction to review that decision.").

Petitioner attaches to his Reply the IJ's Order denying his request for bond. Doc. 11-1 at 3-5. "After full consideration of the evidence presented," the IJ denied bond based on Petitioner's flight risk and likelihood of compliance with future orders. *Id*. at 3-4. The IJ found:

> Given [Petitioner's] mobile profession, lack of proof of a commercial driver's license, an immediate partner without status, and a completely speculative path to legal relief, [he] has not shown that he is likely to comply with future court orders.
>
> In conclusion, [Petitioner] has failed to demonstrate to the Court's satisfaction that he is not a flight risk. His highly mobile occupation, lack of concrete status for his long-term partner, and reliance on speculative asylum relief create a substantial risk that he will not comply with future orders of this Court. Therefore, [his] request for bond is denied, and he is ordered detained without bond.

*Id*.

This Court lacks subject-matter jurisdiction to review the IJ's discretionary decision to deny Petitioner bond based on risk of flight. In the limited circumstances where Petitioner may be entitled to habeas relief from his recent bond hearing, he must show the IJ's hearing had a constitutional defect or was legally erroneous. Section "1226(e) does not preclude habeas jurisdiction over constitutional claims or questions of law." *Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 324646, at *2 (W.D. Okla. Feb. 6, 2026) (citation modified); *see also Perez*, 2026 WL 597126, at *6 n.11 (noting petitioner did not allege the bond hearing was unconstitutional, such as raising a claim about the "impropriety of burden allocation at the bond hearing").

Petitioner has not established his bond hearing was constitutionally deficient. In the Reply, he generally "challenges the adequacy of the process" and alleges the hearing "suffers from" a "defect of substituting categorical, per se reasoning for the individualized analysis due process analysis." Reply at 4. The undersigned, though, is not persuaded Petitioner has shown the process afforded him at the bond hearing was constitutionally inadequate. The IJ considered all evidence presented and made detailed factual findings about Petitioner's flight risk based on the individual circumstances of his "mobile occupation, lack of concrete status for his long-term partner, and reliance on speculative asylum relief." Doc. 11-1 at 4. He does not establish, for example, "that he was denied the opportunity to present evidence at the bond hearing or that the IJ improperly shifted the burden of proof," *Kumar*, 2026 WL 753944, at *2.

Further, Petitioner relies in his Reply on an order granting habeas relief from the District of Colorado, Doc. 11-1 at 6-17, but that order is meaningfully different from the IJ order at issue here. The Colorado federal judge had ordered burden shifting at the petitioner's upcoming bond hearing, but the IJ's "perfunctory and conclusory" order was "wholly bereft of any analysis" and did not clarify whether the IJ applied the correct standard. *Id*. at 14. The Colorado federal judge also did not find the IJ's "after-the-fact order" "at all credible." *Id*. at 15. In contrast, the IJ at Petitioner's bond hearing was under no federal court habeas order to apply burden shifting, and even Petitioner acknowledges his bond order "is more detailed than the checkbox order," Reply at 4, from Colorado.

In sum, Petitioner "has not shown that the [IJ's] decision was somehow legally erroneous or unconstitutional." *Kumar*, 2026 WL 753944, at *2; *see also Perez*, 2026 WL

597126, at *6 n.11; *Singh v. Blanche*, No. CIV-26-311-D, 2026 WL 915596, at *9 & n.9 (W.D. Okla. Apr. 3, 2026) (recommending denial of habeas relief to petitioner who had a prior bond hearing and "nowhere alleges [in his petition] that the IJ used the wrong burden of proof" or otherwise violated the law at the prior bond hearing) (R&R), *adopted*, 2026 WL 1010480 (W.D. Okla. Apr. 14, 2026). Accordingly, "the Court lacks jurisdiction to reconsider the IJ's discretionary decision," *Kumar*, 2026 WL 753944, at *2 (citation modified), to deny bond.

**C. The Court should deny Petitioner's remaining claims.**

Petitioner also argues his continued detention without a bond hearing violates his rights to due process and is not reasonably related to any legitimate purpose. Pet. at 4-5. If the Court adopts the undersigned's recommendation that Petitioner be denied relief of a bond hearing, the Court should also deny relief on Petitioner's remaining claims alleging a violation of his due process rights because, at most, he would only be entitled to relief in the form of a bond hearing, which he has already received. *See Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *3 (W.D. Okla. June 9, 2026) (declining to decide the merits of a petitioner's additional due process claim when adopting the recommended relief of a bond hearing pursuant to § 1226(a)).

Finally, Petitioner's allegations related to denial of medical care and conditions of confinement, Pet. at 5, are not properly raised in this Petition. A petitioner who challenges "the fact or duration" of his confinement and seeks release from ICE custody must bring a § 2241 habeas petition, but a detainee's challenge to the conditions of his confinement must be brought through a civil rights action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown*

*Named Agents*, 403 U.S. 388 (1971). *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012); *see also, e.g.*, *Ndou v. Noem*, No. 26-CV-220, 2026 WL 686564, at *4 (D.N.M. Mar. 11, 2026) (finding an immigration petitioner's "claims related to conditions of confinement are properly raised under a civil rights action, not a habeas corpus petition").

## V. Emergency Motion for Expedited Consideration

Petitioner also filed an Emergency Motion for Expedited Consideration and for Order to Show Cause, requesting expedited consideration of his Petition. Doc. 2. Adoption of the undersigned's Report and Recommendation would moot the emergency motion.

## VI. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DENY** the Petition, Doc. 1, for habeas relief. Adoption of this recommendation would **MOOT** Petitioner's Emergency Motion for Expedited Consideration and for Order to Show Cause, Doc. 2. The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **September 14, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **September 21, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 31st day of August, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE